# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ROBERT BOUCHEY,**

    **Plaintiff,**

                                            **CASE NO.:**

**v.**

**HAPPY'S HOME CENTERS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT BOUCHEY, by and through undersigned counsel, brings this action against Defendant, HAPPY'S HOME CENTERS, INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. and 42 U.S.C. § 12101 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.  Plaintiff is a resident of Polk County, Florida, and he worked in Hillsborough County, Florida for Defendant.

5.  Defendant operates a rent-to-own furniture and appliances store in Plant City, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.  Plaintiff has satisfied all conditions precedent, or they have been waived.

7.  Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.  Plaintiff requests a jury trial for all issues so triable.

9.  At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff began working for Defendant in July, 2020 as an account manager.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Specifically, Plaintiff suffered from injured discs in his lower back, sustained in a car accident.

14. Plaintiff continues to suffer from the aforementioned physical or mental condition.

15. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

16. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

17. When Plaintiff began his job, he informed Defendant of his medical disability and was assured that he would not be asked to do anything outside of Plaintiff's physical limitations.

18. Plaintiff was hired as an account manager, which included the job duties of maintaining account information, setting up payment arrangements, and making sales.

19. Plaintiff ultimately left his employment with Defendant for a short period of time, in or around July of 2022. A few weeks after leaving, Plaintiff contacted the District Manager, Jonas, and requested to return. Jonas told Plaintiff that he was an amazing employee and happily re-hired Plaintiff with no hesitation.

20. Plaintiff was successfully performing these job duties and Defendant even awarded him with a "Rookie of the Year" award and "Credit Team of the Month."

21. Defendant gave Plaintiff gift cards and took him out to lunch, to show its appreciation for Plaintiff's excellent performance.

22. However, Defendant began requesting that Plaintiff start making furniture deliveries, in addition to his normal job duties.

23. Upon this request, Plaintiff reminded Defendant of his physical condition and requested a reasonable accommodation of not making furniture deliveries or not making furniture delivers over a certain weight.

24. However, Defendant denied this accommodation request, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

25. Defendant continued to request that Plaintiff make furniture deliveries of heavy items, despite Plaintiff's physical disability and request for an accommodation.

26. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

27. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

28. Plaintiff continually objected to Defendant's denial of his reasonable accommodation request.

29. On or about January 12, 2023, Defendant terminated Plaintiff's employment, based on disability discrimination and in retaliation for Plaintiff's reasonable accommodation request and objection to Defendant's failure to accommodate.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

30. Plaintiff realleges and readopts the allegations of paragraphs 6 through 29 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the ADA.

32. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

33. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant, and then terminated Plaintiff' employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter an injunction restraining continued violation of the ADA;

    d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

36. Plaintiff realleges and readopts the allegations of paragraphs 6 through 29 of this Complaint, as though fully set forth herein.

37. Plaintiff is disabled, or was perceived by Defendant as being disabled.

38. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issues and that this Court take jurisdiction over the case;

    (c)    An injunction restraining continued violation of law enumerated herein;

    (d)    Compensation for lost wages, benefits, and other remuneration;

 (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 (f) Compensatory damages, including emotional distress, allowable at law;

 (g) Punitive damages;

 (h) Prejudgment interest on all monetary recovery obtained;

 (i) All costs and attorney's fees incurred in prosecuting these claims; and

 (j) For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

41. Plaintiff realleges and readopts the allegations of paragraphs 12 through 16 and 23 through 29 of this Complaint, as though fully set forth herein.

42. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

43. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

44. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

45. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

46. Defendant's actions were willful and done with malice.

47. The adverse employment action that Defendant took against Plaintiff was material.

48. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)     That this Court enter an injunction restraining continued violation of the ADA;

    e)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

49. Plaintiff realleges and readopts the allegations of paragraphs 6 through 29 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

54. Plaintiff realleges and readopts the allegations of paragraphs 6 through 29 of this Complaint, as though fully set forth herein.

55. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

56. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issue and that this Court take jurisdiction over the case;

   c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

   d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

   e) Any other compensatory damages, including emotional distress, allowable at law;

   f) Punitive damages;

   g) Prejudgment interest on all monetary recovery obtained.

   h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

59. Plaintiff realleges and readopts the allegations paragraphs 12 through 16 and 23 through 29 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

62. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

64. Specifically, Defendant failed or refused to engage in an interactive discussion regarding accommodations, denied Plaintiff a reasonable accommodation and, subsequently, terminated Plaintiff's employment with Defendant.

65. Defendant's actions were willful and done with malice.

66. Defendant took material adverse action against Plaintiff.

67. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of August, 2023.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Counsel for Plaintiff**